NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| BRANDON EARL BARKER, | : | |
| | : | Civ. No. 24-6432 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| R. THOMPSON, Warden FCI Fort Dix, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

Petitioner Brandon Earl Barker, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction and sentence in *United States v. Barker*, 7:13-cr-334 (W.D. Tex.)[1] The petition is subject to review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. Upon review of the petition, the Court will dismiss this matter for lack

---

[1] Available at Public Access to Court Electronic Records, www.pacer.gov.

[2] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

of jurisdiction.

Petitioner seeks to challenge his conviction and sentence in the district of his confinement under 28 U.S.C. § 2241, pursuant to the saving clause in 28 U.S.C. § 2255(e).[3] Petitioner contends jurisdiction is proper, through the saving clause, because "[t]he Fifth Circuit does not recognize [a] freestanding claim of actual innocence, or as a gateway exception to the statutory requirements for authorization to file a second or successive § 2255 application." (Pet. ¶ 10(c), Dkt. No. 1.) The Fifth Circuit Court of Appeals denied Petitioner's application to file a second or successive § 2255 motion to raise his claims that the indictment in *United States v. Barker*, 13cr334 (W.D. Tex.) failed to charge a violation of 18 U.S.C. § 2252(b)(l), and the Government failed to prove an essential element of 18 U.S.C. § 2252(a)(2). (*Id.* ¶ 7.)

In J*ones v. Hendrix*, the Supreme Court explained, "Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed." *Jones v. Hendrix*, 599 U.S. 465, 477 (2023). Relevant here, Section 2255(h)(1) states:

---

[3] 28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense[.]

Petitioner concedes that the Fifth Circuit determined he did not meet the requirements to proceed with his new claims in a second or successive motion under § 2255(h)(1). Petitioner may not use the saving clause in § 2255(e) to avoid the gatekeeping requirements under § 2255(h). *See, e.g., Holloway v. United States*, 793 F. App'x 61, 62 (3d Cir. 2020) ("[t]he fact that the Fourth Circuit denied Holloway's request to file a successive § 2255 motion does not mean that § 2255 is inadequate or ineffective.") The inability of a prisoner to satisfy the conditions of § 2255(h) "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 599 U.S. at 480 (2023).

Therefore, it plainly appears from the petition that this Court lacks jurisdiction over Petitioner's claim under 28 U.S.C. § 2241, and the Court will dismiss the petition.

An appropriate order follows.

**Dated:   August 9, 2024**

s/Renée Marie Bumb
**RENÉE MARIE BUMB
Chief United States District Judge**
